120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steve TATAII, Candidate for House 19th at the 1994
Elections, Plaintiff-Appellant,
v.
Benjamin J. CAYETANO, Chief Election Officer and Lt.
Governor of the State of Hawaii, Defendant-Appellee.
 
 No. 95-16329.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve Tataii, a candidate for political office in the State of Hawaii, appeals pro se the district court's grant of summary judgment against him in his action for damages against Benjamin Cayetano, the former chief election officer for the State of Hawaii, for failing to acknowledge what Tataii calls his "winning status" in the primary and to place him on the ballot for the general election. We affirm.
 
 
 3
 Tataii ran as a nonpartisan candidate for the 19th House of Representative District in the 1994 Hawaii primary. Out of a total of 4832 votes cast (excluding ballots cast in blank and otherwise improper), he received 15 votes. The candidate who won the Democratic nomination received 1302 votes, and the Republican nominee garnered 875 votes. To earn a spot on the ballot at the general election, Hawaii requires that a nonpartisan candidate receive "at least ten per cent of the total votes cast for the office for which the person is a candidate at the primary or special primary, or a vote equal to the lowest vote received by the partisan candidate who was nominated in the primary or special primary." Haw.Rev.Stat. § 12-41(b). Tataii failed to do either.
 
 
 4
 Nevertheless, relying on a clipping from a newspaper which lists him as winning in the primary and on an alleged confirmation from someone in Cayetano's office, he argues that, in fact, he did win the primary and should have been placed on the ballot for the general election. He asserts that ten days after the primary, Cayetano wrongfully denied his "winning status" and refused him his rightful place on the general election ballot. In a previous unpublished decision, we affirmed the district court's denial of Tataii's motion for a temporary restraining order and/or a preliminary injunction to halt the 1994 Hawaii general election until his name could be placed on the ballot.
 
 
 5
 The district court held that if Tataii were challenging the constitutionality of § 12-41(b), he loses because we have already upheld the constitutionality of that statute in Erum v. Cayetano, 881 F.2d 689 (9th Cir.1989). On the other hand, if Tataii were not alleging a constitutional claim, instead arguing that Cayetano negligently performed his duties, the court believed it would not have subject matter jurisdiction over this purely state-law claim. Finally, the court held that even if Tataii were advancing some cognizable claim over which it had jurisdiction, the Eleventh Amendment barred any award of damages against Cayetano, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). We agree with this analysis in its entirety.[1]
 
 AFFIRMED
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Tataii's unfounded accusations regarding bias on the part of Judge King